*Curran, Hart, Gainer & Carr, Patrick P. Curran, Felix A. Toupin,* for respondents.

MARGARET G. AUTRAN, Admx. *vs.* MARY T. CASS *et al.*

JANUARY 26, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is an action in assumpsit for breach of an alleged oral agreement to compromise litigation pending between the parties. The case was heard by a justice of the Superior Court sitting without a jury. Said justice ruled that, if any agreement was made, an inseparable part of the promise relied upon was a promise to pay the debt of another and hence was unenforceable by reason of the Statute of Frauds. The justice's decision, which was based upon such ruling, was for the defendants. The case is before us on the plaintiff's exception to said decision.

The plaintiff, who is the widow of John F. Autran, deceased, sues as administratrix of his estate. At the time of his decease, John F. Autran, his sister, defendant Annie M. Autran, and defendant Mary T. Cass were associated with certain land companies engaged in buying and selling land. Said defendants were stockholders in said companies. The plaintiff contended that the shares of one company standing in the name of defendant Autran were the property of the deceased in his lifetime and on his death became a part of his estate; and that said defendant was indebted to the deceased for money loaned. The plaintiff brought a bill in equity against said defendants individually and as trustees of the City and Suburban Land Trust. Plaintiff brought also separate actions at law against each of said defendants. When the equity suit was reached for hearing, the cause, by agreement of counsel, was passed, and counsel for the several respondents repaired to the office of Peter F. Cannon, Esq., counsel for the plaintiff herein in all of the litigation above mentioned, with the understanding that there would be an attempt to adjust all of said litigation. While at said office Daniel H. Morrissey, Esq., counsel for Annie M. Autran, submitted to said Cannon a written offer of settlement of all of said litigation. The offer, which by its terms was made by said Autran, was a proposal to pay $2,000 in cash, payable in installments, and $3,000 in notes of Eastern Land Trust indorsed by said Autran and Cass. This offer was refused. Thereafter said Cannon offered to accept said

offer, provided it was so amended that said Autran—or possibly all defendants and respondents—would assume a doctor's bill and an undertaker's bill, totalling approximately $2,000. Morrissey, Autran and Cass each denied that the proposal of Mr. Cannon was ever accepted. Peter L. Cannon, Esq., son of said Peter F. Cannon, now deceased, testified that he heard said Autran and Cass tell his father that they accepted said proposal. It is not entirely clear from the testimony of Peter L. Cannon whether he contends that the alleged acceptance by Autran and Cass was made by them as individuals or as individuals and as trustees. It was for breach of the alleged agreement, formed by the alleged acceptance of said proposal, that this action was brought.

The decision of said justice was made from the bench immediately after the close of the hearing and, in considering the question of the applicability of the Statute of Frauds, it escaped the attention of both justice and counsel that the alleged promise to pay the debt of another—the doctor's bill and the undertaker's bill—was not a promise made to the creditor but an alleged promise made to the debtor.

It is well established that an agreement to answer for the debt of another is not within the Statute of Frauds if the agreement is with the debtor. *Wood* v. *Moriarty*, 15 R. I. 518; Williston on Contracts, Vol. 1, Sec. 460; 27 C. J. 140. Counsel for defendant Autran concedes that a new trial should be granted.

Counsel for defendant Cass contends that the testimony for the plaintiff shows that Cass merely agreed to become surety for Autran and said counsel argues that the promise, if made, was a promise to pay the debt of another, *i. e.*, the debt of Miss Autran, and hence is within the Statute of Frauds.

As we have above indicated, the testimony relative to the alleged promise of Miss Cass was so indefinite that it is difficult to determine whether said testimony, if believed, should be taken as a promise individually or a promise both

individually and as trustee. The litigation was having a disastrous effect upon the business of two land companies, in both of which Miss Cass was a stockholder, and among the suits sought to be compromised was an action against Miss Cass personally. If Miss Cass made a promise to Peter F. Cannon it is not entirely clear that the promise was merely to become surety and not a promise to pay in settlement of claims against herself both personally and as trustee.

The plaintiff argued that the case should be remitted to the Superior Court with direction to enter judgment for the plaintiff as provided by Sec. 22, Chap. 348, G. L., 1923. The facts, as we have already indicated, are so much in dispute that such procedure would be unwarranted. The trial justice did not decide what were the exact terms of the agreement which he thought the parties had entered into. In rendering his decision said justice said: "I am inclined to think . . . that there was some compromise agreement entered into in Mr. Cannon's office between Mr. Cannon and these two ladies along the lines generally as claimed by the plaintiff." Said justice then said the case presented "a question of law largely," and his decision was based not upon any finding of fact but upon a determination that if any promise was made it came within the provisions of the Statute of Frauds.

The plaintiff's exception is sustained and the case is remitted to the Superior Court for a new trial.

*O'Shaunessy & Cannon,* for plaintiff.
*Tillinghast, Morrissey & Flynn,* for defendant Autran.
*James H. Rickard,* for defendant Cass.